United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ALEJANDRO V. RUBIN, et al.,

Plaintiffs,

v.

COUNTY OF SANTA CLARA CALIFORNIA, et al.,

Defendants.

Case No. 26-cv-01799-BLF

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART**

[Re: ECF No. 41]

Before the Court is Defendants' motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 41 ("MTD") at 17. Plaintiffs filed an opposition in which they requested leave to amend specific claims raised in the complaint. ECF No. 43 ("MTD Opp.") at 13. The Court held a hearing on the motion on September 16, 2026. ECF No. 47.

For the reasons stated by the Court on the record at the hearing and set forth below, Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND IN PART.

## I. BACKGROUND

### A. Facts

Plaintiffs Alejandro V. Rubin and Lisa M. Stein own property located in an area designated as a "high-hazard landslide zone." ECF No. 1 ("Compl.") at ¶ 40. Their property includes a hillside overlooking Mount Madonna Road, a public road maintained by the County of Santa Clara ("the County"). *See id.* at ¶¶ 49, 187. Plaintiffs allege that around March 2024, a

United States District Court
Northern District of California

landslide began on their property, depositing "soil and debris onto Mount Madonna Road." *Id.* at ¶¶ 46, 49. Despite Plaintiffs' and the County's mitigation efforts, the landslide continued to deteriorate. *Id.* at ¶¶ 50–58, 76. In June 2024, Plaintiffs informed the County that the "landslide posed an imminent threat to public safety." *Id.* at ¶ 76.

In response to this report, the County issued a Summary Abatement Order, allegedly authorizing the County to enter Plaintiffs' property without advanced notice or a hearing. *Id.* at ¶¶ 83–84. Once on Plaintiffs' property, county officials engaged in remediation efforts that allegedly caused substantial damage to the property and "permanently destabilized the hillside." *Id.* at ¶¶ 96–114. Plaintiffs maintain that they spent over $300,000 to repair the hazardous conditions created by the County and later received an invoice for $676,703.22 to reimburse the County for its mitigation efforts. *Id.* at ¶ 125.

**B. Procedural History**

Plaintiffs initiated this action on March 2, 2026. The Complaint named the County of Santa Clara, County Board of Supervisors, County Planning and Building Department, County Roads and Airports Department, and seven County officials, acting in their official capacity, as Defendants. *Id.* at ¶¶ 2–14. Plaintiffs alleged six counts against Defendants: (1) violation of procedural due process (42 U.S.C. § 1983); (2) violation of substantive due process due to a Fifth Amendment taking (42 U.S.C. § 1983); (3) violation of substantive due process due to a failure to train or supervise employees under the *Monell* doctrine (42 U.S.C. § 1983); (4) inverse condemnation; (5) dangerous condition of public property (Cal. Gov. Code, § 835); and (6) negligence. *Id.* at ¶¶ 173–271.

On July 17, 2026, Defendants filed a motion to dismiss the Complaint for "fail[ure] to state a claim." MTD at 1. Defendants also moved to dismiss the County Board of Supervisors, County Planning and Building Department, County Roads and Airports Department, and the County officials as redundant Defendants. *Id.* at 9–10. (citing *e.g.*, *Williams v. Lorenz*, No. 15-cv-04494-

BLF, 2018 WL 5816180, at *3 (N.D. Cal. Nov. 5, 2018), *Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff's Dep't*, 533 F.3d 780, 799 (9th Cir. 2008)). In their motion to dismiss, Defendants also request judicial notice of four documents. *Id.* at 1–2.

In their opposition, Plaintiffs concede their state law claims of inverse condemnation, dangerous condition of public property, and negligence. MTD Opp. at 1, 14. Plaintiffs request leave to amend their remaining § 1983 claims. *Id.* at 1, 10, 12–14; ECF No. 51 (Hr'g Tr.) at 10:17–18; 14:11–25. Plaintiffs also concede that the County officials "should not be sued in their official capacity and seek[] leave to amend" to sue these parties in their individual capacity. MTD Opp. at 3.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Dismissal is appropriate under Rule 12(b)(6) "if the [C]omplaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). When evaluating a motion to dismiss, the Court must "accept all factual allegations in the [C]omplaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015) (citation and internal quotations omitted). The Court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). To survive a motion to dismiss, the Complaint must allege sufficient facts to "allow[] the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B. Leave to Amend

Upon granting a motion to dismiss, the Court has discretion to allow leave to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a). The Rule 15(a) standard is "very

liberal" such that "leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting *Bowles v. Reade,* 198 F.3d 752, 757 (9th Cir. 1999)). When deciding whether to grant leave to amend, the Court considers several factors, including (1) "undue delay," (2) "bad faith or dilatory motive," (3) "repeated failure to cure deficiencies by amendments previously allowed," and (4) "undue prejudice to the opposing party." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### C. Judicial Notice

When assessing a motion to dismiss, the Court may take judicial notice of facts "not subject to reasonable dispute," and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *W. Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1192 n.4 (9th Cir. 2008). These facts may include "matters of public record," *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1154 (N.D. Cal. 2014), and satellite images such as those provided by Google Maps, *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012).

## III. DISCUSSION

### A. Defendants' Request for Judicial Notice

As an initial matter, Defendants request judicial notice of four documents: (1) the County's profile for Plaintiffs' property, (2), the Google Maps street view of Plaintiffs' property, (3) the County's Summary Abatement Order, and (4) an excerpt of the County Ordinance Code. MTD at 2–3. Plaintiffs do not contest Defendants' request for judicial notice. *See* MTD Opp.; ECF No. 44 ("MTD Reply") at 2. The information in each of these documents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see, e.g.*, *Perea-Rey*, 680 F.3d at 1182 n.1 ("We take judicial notice of a Google map and satellite image as a source whose accuracy cannot reasonably be questioned, at least for the purpose of

United States District Court
Northern District of California

determining the general location of the home." (citation modified)); *City of Lincoln v. Cnty. of Placer*, 668 F. Supp. 3d 1079, 1087 n.1 (E.D. Cal. 2023). As such, Defendants' request for judicial notice is GRANTED.

**B. Motion to Dismiss**

In Plaintiffs' opposition to Defendants' motion to dismiss, they concede their state law claims and concede that the County officials sued in their official capacity should be dismissed. MTD Opp. at 1, 3, 14. Therefore, Defendants' motion to dismiss is GRANTED as to these claims and parties.

Defendants also move to dismiss the County Board of Supervisors, County Planning and Building Department, and the County Roads and Airports Department as redundant defendants. MTD at 9–10. Plaintiffs do not respond to Defendants' request to remove these parties. *See* MTD Opp., MTD Reply at 2. "[A]ctions against a subsidiary of a government entity must be filed against the parent itself." *Williams v. Lorenz*, No. 15-CV-04494-BLF, 2018 WL 5816180, at *3 (N.D. Cal. Nov. 5, 2018) (citing *Hoyd v. Hayward Unified Sch. Dist.*, 74 Cal. App. 3d 470, 472 (1977)). The Court finds that these defendants are subsidiaries of the County of Santa Clara, and hereby GRANTS Defendants' motion to dismiss these parties.

Following these dismissals, Plaintiffs' remaining claims against the County are (1) a violation of procedural due process (42 U.S.C. § 1983); (2) a violation of substantive due process due to a Fifth Amendment taking (42 U.S.C. § 1983); and (3) a violation of substantive due process due to a failure to train or supervise employees under the *Monell* doctrine (42 U.S.C. § 1983). Compl. at ¶¶ 173–213.

*1. Procedural Due Process*

In their first cause of action, Plaintiffs allege that Defendants violated their right to procedural due process by conducting significant excavation work on Plaintiffs' property without "adequate notice or opportunity to appeal." Compl. at ¶ 192. Defendants argue that the Court

should dismiss this claim because the "imminent threat" posed by the landslide precluded the need for a "due process hearing." MTD at 11. In particular, Defendants maintain that while public entities typically need to "afford the property owner a due process hearing" before abating a nuisance on the property, they may forego such hearings in "emergency situation[s] involving the physical safety of the populace." *Id.* (citing *Leppo v. City of Petaluma*, 20 Cal. App. 3d 711, 718 (1971) (citation modified)). Defendants argue that Plaintiffs' own admission, expressly alleged in the Complaint, "that the landslide posed an imminent threat to public safety," authorized the County to issue a Summary Abatement Order, allowing it to initiate mitigation efforts without providing notice. *Id.* at 11–12.

In opposition, Plaintiffs argue that their "unilateral report of a hazard is not a substitute for formal notice of a pending summary abatement action or a post-deprivation hearing regarding the destruction of their property." MTD Opp. at 5. In reply, Defendants note that the Complaint did not allege any facts regarding a post-deprivation hearing, and that such claims are unripe because there is still an opportunity for administrative proceedings with the County. MTD Reply at 6 n.2.

The Court finds that Plaintiffs have failed to allege a procedural due process violation. First, Plaintiffs have pled themselves out of a procedural due process claim based on a lack of notice or a pre-deprivation hearing. Under California Government Code § 25845(a), counties may "summarily abate nuisances, if the board or officer determines that the nuisance constitutes an immediate threat to public health or safety." Cal. Gov't Code § 25845(a); *see also Allen v. Cnty. of Lake*, No. 14-cv-03934-TEH, 2017 WL 363209, at *10 (N.D. Cal. Jan. 25, 2017) (finding that "summary abatement" proceedings can "occur[] without the administrative protections of notice and the opportunity for a hearing"). As stated in the Complaint, Plaintiffs notified the County "that the landslide posed an imminent threat to public safety." Compl. at ¶ 76. Therefore, by Plaintiffs' own admission, their property was subject to summary abatement, allowing the County to begin remediation efforts without prior notice.

Second, Plaintiffs' Complaint failed to allege a procedural due process claim due to the lack of a post-deprivation hearing. Hr'g Tr. at 4:12–13, 7:2–4; *see also Mend Health, Inc. v. Carbon Health Techs., Inc.*, 588 F. Supp. 3d 1049, 1054 (C.D. Cal. 2022) ("To defeat a Rule 12(b)(6) motion to dismiss . . . . [t]he complaint must also be plausible on its face . . . ." (citation modified)). Additionally, the Court has determined that Plaintiffs still have an opportunity to pursue an administrative hearing with the County, making this claim unripe. Hr'g Tr. at 13:5–11; *see S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990) ("If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed."). For these reasons, Defendants' motion to dismiss Plaintiffs' first cause of action is GRANTED.

*2. Substantive Due Process*

In their second cause of action, Plaintiffs allege that Defendants effected a Fifth Amendment taking by "depriving Plaintiffs of their use and enjoyment of Property," thereby violating their rights to substantive due process. Compl. at ¶¶ 197–98. In their motion to dismiss, Defendants note that takings claims and substantive due process claims are distinct causes of action. MTD at 12–13. In opposition, Plaintiffs concede that these are separate causes of action and elect to "drop" their Fifth Amendment takings claim in favor of a claim for violation of substantive due process under § 1983. MTD Opp. at 7–8. In reply, Defendants allege that Plaintiffs' attempt to characterize their second cause of action as a substantive due process claim was improper because their Complaint clearly alleged a Fifth Amendment takings violation. MTD Reply 8–10.

The Court agrees that Plaintiffs' second cause of action was pled as a takings claim and thus could not be "re-pled as a substantive due process claim" at the motion to dismiss stage. Hr'g Tr. 7:17–22; *Duran v. Werfel*, No. 24-CV-08638-RFL, 2025 WL 2821997, at *2 (N.D. Cal. Oct. 3, 2025) ("The Court cannot consider the new claims or evidence, which are raised for the first time

in opposition."). Accordingly, Defendants' motion to dismiss Plaintiffs' second cause of action is GRANTED.

*3. Failure to Train/Supervise Officials Under the* Monell *Doctrine*

In their third cause of action, Plaintiffs allege that the County's failed attempts to mitigate the landslide and its focus on revenue generation are indicative of a "municipal custom, policy and practice" that caused a violation of Plaintiffs' constitutional rights. Compl. at ¶¶ 203–213. Defendants argue that the Court should dismiss this cause of action because Plaintiffs failed to plead sufficient facts to state a claim and instead provided only conclusory assertions. MTD at 17–18.

In order to hold the County liable under § 1983 for an improper policy, practice, or custom, Plaintiffs "must show: (1) that [Plaintiffs] possessed a constitutional right of which [they were] deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to [P]laintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citation and internal quotations omitted). To plead a failure to train, Plaintiffs need to allege facts sufficient "to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021) (citation omitted). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

The Court finds that Plaintiffs have not alleged facts sufficient to state a claim that the County's failure to train or supervise employees resulted in a constitutional violation. Plaintiffs' Complaint failed to identify "a written policy or a custom and practice" responsible for a constitutional violation. Hr'g Tr. 3:17–18, 11:1–4. Plaintiffs also failed to allege sufficient facts

to support a claim that the County provided no training or that the "County was on notice of deficient training and was indifferent to the need for the training." Hr'g Tr. 3:18–23; *see, e.g.*, *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (noting that "allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice"). For these reasons, Defendants' motion to dismiss the third cause of action is GRANTED.

**C. Leave to Amend**

Having concluded that the claims and class allegations in the Complaint are subject to dismissal, the Court must determine whether leave to amend is appropriate. Plaintiffs request leave to amend their claims for (1) violation of pre- and post-deprivation procedural due process, (2) violation of substantive due process, (3) failure to train or supervise employees under the *Monell* doctrine. *See, e.g.*, MTD Opp. at 1; Hr'g Tr. at 11:17–23, 14:10–13. Plaintiffs further request leave to amend to sue the named County officials in their individual, rather than official, capacity. MTD Opp. at 1.

As stated previously, a court will generally grant leave to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). The Court finds that there is no evidence of undue delay, bad faith, failure to cure deficiencies, or undue prejudice. Therefore, the Court's decision to grant leave to amend depends on whether amendment would be futile. Plaintiffs' counsel indicated that additional facts could be alleged. Therefore, amendment is not futile and the Court GRANTS Plaintiffs' motion for leave to amend.

**IV. ORDER**

(1) The motion to dismiss the Complaint is GRANTED as to all claims WITH LEAVE TO AMEND IN PART as follows:

a. Leave to amend is GRANTED as to Claim 1, violation of procedural due process;

b. Leave to amend is GRANTED as to Claim 2 to allege substantive due process violations;

c. Leave to amend is GRANTED as to Claim 3, failure to train or supervise under the *Monell* doctrine;

d. Leave to amend is GRANTED as to the named County officials.

(2) The motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Claim 2's Fifth Amendment takings allegations and Claims 4–6, the state law claims.

(3) Plaintiffs SHALL file an amended Complaint within 45 days from Plaintiffs' receipt of the Santa Clara County Board of Supervisors' final decision following the administrative hearing. Failure to meet this deadline or failure to cure the deficiencies identified in this Order will result in a dismissal of Plaintiffs' claims with prejudice. Plaintiffs may not add new claims or parties without express leave of the Court.

**IT IS SO ORDERED.**

Dated: October 2, 2026

BETH LABSON FREEMAN
United States District Judge